J-S68023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL MORRIS | |
| Appellant | No. 3524 EDA 2013 |

Appeal from the Judgment of Sentence November 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004181-2013

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:              **FILED DECEMBER 19, 2014**

Appellant, Darnell Morris, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial conviction for possession of a controlled substance with intent to deliver ("PWID").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On February 27, 2013, Appellant was arrested and charged with PWID and simple possession of a controlled substance.  On March 28, 2013, the Philadelphia Municipal Court conducted a preliminary hearing and determined that there was *prima facie* evidence that Appellant committed the felony of PWID and the misdemeanor of simple possession.

---

[1] 35 P.S. § 780-113(a)(30).

On September 19, 2013, after a bench trial, the Philadelphia Court of Common Pleas found Appellant guilty of PWID and not guilty of simple possession. On November 8, 2013, the court sentenced Appellant to two (2) years' probation. On December 6, 2013, Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on March 11, 2014.[2]

Appellant raises the following issue for our review.

> DID [THE] TRIAL COURT, SITTING IN THE PHILADELPHIA COURT OF COMMON PLEAS, ERR IN DENYING APPELLANT'S REQUEST TO TRANSFER HIS CASE TO PHILADELPHIA MUNICIPAL COURT, WHERE THE STATUTORY MAXIMUM SENTENCE FOR THE MOST SERIOUS CHARGED OFFENSE WAS FIVE YEARS' INCARCERATION AND WHERE PA.R.CR.P. 1001 REQUIRES A TWO-STEP CERTIFICATION PROCESS BEFORE A MUNICIPAL COURT CASE MAY BE TRANSFERRED TO THE COURT OF COMMON PLEAS?

Appellant's Brief at 3.

Appellant argues that his trial should have been held in the Municipal Court because the statutory maximum sentence for his felony is five years' incarceration. Appellant contends that the Municipal Court has exclusive jurisdiction over his claim and that the Common Pleas Court lacked subject

---

[2] In its Rule 1925(b) order dated January 8, 2014, the court allowed Appellant thirty days from the filing of the order or twenty-one days from the date on which Appellant received the Notes of Testimony to comply with the order. The transcripts were filed on March 13, 2014. Therefore, Appellant's 1925(b) statement was timely filed.

matter jurisdiction to try his case. He concludes his conviction should be vacated and the matter remanded to the Municipal Court for trial. We disagree.

Because Appellant's PWID charge is classified as a "felony" under the Controlled Substance, Drug Device and Cosmetic Act, the Common Pleas Court had subject matter jurisdiction over Appellant's case.

The Municipal Court's jurisdictional statute, 42 Pa.C.S. § 1123, provides in relevant part:

> **§ 1123. Jurisdiction and venue**
>
> **(a) General rule.--**Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), the Philadelphia Municipal Court shall have jurisdiction of the following matters:
>
> (1) Summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed under Chapter 63 (relating to juvenile matters).
> (2) Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, including indictable offenses under Title 75 (relating to vehicles). In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the court of common pleas. The judges of the municipal court exercising jurisdiction under this paragraph shall have the same jurisdiction in probation and parole arising out of sentences imposed by them as judges of the court of common pleas.
>
> *    *    *

**(b) Concurrent and exclusive jurisdiction.--**The jurisdiction of the municipal court under this section shall be concurrent with the Court of Common Pleas of Philadelphia County except with respect to matters specified in subsection (a)(2), *as to which the jurisdiction of the municipal court shall be exclusive except as otherwise prescribed by any general rule adopted pursuant to section 503.*

42 Pa.C.S. § 1123 (emphasis added).  Section 503, in turn, provides:

**§ 503. Reassignment of matters**

**(a) General rule.--**The Supreme Court may by general rule provide for the assignment and reassignment of classes of matters among the several courts of this Commonwealth and the magisterial district judges as the needs of justice shall require and all laws shall be suspended to the extent that they are inconsistent with such general rules.

42 Pa.C.S. § 503.

Our Supreme Court has promulgated general rules which prescribe that in felony cases, the Municipal Court shall conduct the preliminary hearing, and if it holds the defendant for court on the felony charge, the Common Pleas Court shall conduct the defendant's trial.   Specifically, Pa.R.Crim.P. 1003 provides:

**Rule 1003.   Procedure in Non-Summary Municipal Court Cases**

\*     \*     \*

**(E) Preliminary Hearing in Cases Charging a Felony**

(1)    Except as provided in paragraphs (E)(2) and (E)(3), *in cases charging a felony*, the preliminary hearing in Municipal Court shall be conducted as provided in Rule

- 4 -

542 (Preliminary Hearing; Continuances) and Rule 543 (Disposition of Case at Preliminary Hearing).

(2)  At the preliminary hearing, the issuing authority shall determine whether there is a *prima facie* case that an offense has been committed and that the defendant has committed it.

(a)  Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established.

(b)  Hearsay evidence shall be sufficient to establish any element of an offense including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.

(3)  If a *prima facie* case is not established on any felony charges, but is established on any misdemeanor or summary charges, the judge shall remand the case to Municipal Court for trial.

Pa.R.Crim.P. 1003 (emphasis added).

Instantly, Appellant was charged with PWID under 35 P.S. § 780-113(a)(30).[3]  Violation of subsection (a)(30) is expressly defined as a

---

[3] **§ 780-113.  Prohibited Acts; penalties**

(a)  The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\*     \*     \*

(30)  Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

\*     \*     \*

*(Footnote Continued Next Page)*

"felony" under subsection (f)(2). **See** n. 3, **supra.** Pursuant to Pa.R.Crim.P. 1003(E)(1), it was proper to conduct Appellant's preliminary hearing in Municipal Court and to conduct his trial in the Court of Common Pleas. Therefore, we affirm the Judgment of Sentence.

Judgment of Sentence Affirmed.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

(f) Any person who violates clause (12), (14) or (30) of subsection (a) with respect to:

(1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

\*    \*    \*

(2) Any other controlled substance or counterfeit substance classified in Schedule I, II, or III, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding five years, or to pay a fine not exceeding fifteen thousand dollars ($15,000), or both.

35 P.S. § 780-113.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2014